**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LABORERS' LOCAL UNION NOS. 472 AND 172, *et al*, | HONORABLE KAREN M. WILLIAMS |
| Plaintiffs, | Civil Action No. 25-cv-1984-KMW-EAP |
| v. | |
| ATLANTIC CONCRETE CUTTING, INC., | **OPINION** |
| Defendant. | |

APPEARANCES:

ZACHARY F. RAMSFELDER, ESQ.
ZAZZALI, P.C.
570 BROAD STREET, SUITE 1402
NEWARK, NJ 07102

> *Counsel for Plaintiffs Laborers' Local Union Nos. 472 and 172, and Laborers' Local Union Nos. 472 and 172 Welfare and Pension Funds, and Safety, Education, and Training Funds*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

This matter comes before the Court by way of Petitioners Laborers' Local Union Nos. 472 and 172, and Laborers' Local Union Nos. 472 and 172 Welfare and Pension Funds, and Safety Education and Training Funds, ("Petitioner Funds"), and Zazzali, P.C. (collectively, "Petitioners"), unopposed Motion to Confirm Arbitration Award, (ECF No. 2), seeking to confirm the February 27, 2025 arbitration award entered by arbitrator J.J. Pierson, Esq., (the "Arbitrator"), against Respondent Atlantic Concrete Cutting, Inc., ("Respondent"), who has not made an appearance in this matter. For the reasons set forth below, Plaintiffs' Motion to Confirm Arbitration Award (ECF No. 2) is **GRANTED**.[1]

## II. BACKGROUND

This action arises from a collective bargaining agreement, ("the Agreement"), between Petitioners and Respondent. The Agreement requires, among other things, that Respondent makes certain contributions to the Petitioner Funds. In the event a dispute arises regarding Respondent's contributions, the Agreement compels the parties to submit the dispute to arbitration. Such a dispute arose in this matter and was duly submitted to the Arbitrator for resolution.

On February 27, 2025, the Arbitrator entered an award, (the "Arbitration Award"), in favor of Petitioners and ordered Respondent to pay as follows:

- to the Petitioner Funds' contributions for the period of delinquency, December 1, 2024 through December 31, 2024, in the sum of $73,135.25, subject to adjustment by audit[2] as allowed per the Agreement, plus interest, at a rate of 8% per annum, in

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.
[2] The Arbitration Award also granted an audit of the payroll and other records from January 1, 2022, to date and requires Respondents to pay for the costs of such audit. *See* Petition to Confirm Arbitration Award, (ECF No. 1), at Ex. B, ¶ 4.

2

the amount of $975.14 on the unpaid balance for the period such monies remain outstanding after the date such contributions become due and payable under the Agreement. *See* Petition to Confirm Arbitration Award, (ECF No. 1), at Ex. B, ¶ 1.

- to the Petitioner Funds, in accordance with the Petitioner Funds' Delinquency Procedures and applicable law, liquidated damages equal to 5% of the delinquent contributions multiplied by the number of months or partial months that elapsed between the due date and the date the contributions are actually paid in full to the Petitioner Funds, (to a maximum of 20% of the delinquent contributions), which, as of the date of the Award, was $3,656.73. *Id.* ¶ 2.

In addition, the Arbitrator ordered Respondent to pay counsel in this matter, Zazzali, P.C.,

- to Zazzali, P.C., as reasonable attorneys' fees the sum of $14,627.05, which is 20% of $73,135.25 as shown to be due to the Petitioner Funds, or shall pay 20% of the adjusted amount shown to be due by the audit ordered by the Arbitrator plus interest at the rate of 10% from the date of the Award on any part of the attorneys' fees awarded and ordered that is not paid within 30 days of the date of the Award.[3] *Id.* ¶ 3.

Finally, Respondent was ordered to reimburse the Petitioner Funds for the Arbitrator's fee of $1,600.00 and for all Petitioners' costs incurred for this action. *Id.* ¶¶ 5-6.

On March 20, 2025, Petitioners timely filed their Motion to Confirm Arbitration Award, (ECF No. 2), pursuant to the Federal Arbitration Act, (the "FAA"). *See* 9 U.S.C. § 9, (establishing a one-year limitations period for litigants to request judicial confirmation of an arbitration award).

---

[3] The Award also granted supplementary attorneys' fees of 10% the total amount due to the Petitioner Funds in the event that any additional efforts or services of any nature are required by any attorney for the Petitioners, subsequent to the issuance of any court judgment confirming this Arbitration Award, in order to recover amounts due on said judgment. *Id.* ¶ 10.

3

Defendant has not appeared in the matter nor responded to Petitioners' submissions.[4] The three-month period in which Respondent could have moved to vacate, modify, or correct the Arbitration Award has expired. Thus, Petitioners' Motion is ripe for disposition. *See* 9 U.S.C. § 12, ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").

### III.  LEGAL STANDARD

Confirmation is the process through which a party to arbitration completes the award process under the FAA, and thereafter the award becomes a final and enforceable judgment. *See* 9 U.S.C. § 13. The FAA "not only authorizes, but mandates, that district courts confirm arbitration awards by converting them into enforceable judgments through a summary proceeding." *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 248 (3d Cir. 2020). Section 9 of the FAA provides, in relevant part:

> at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added).

---

[4] Petitioners' counsel has certified that copies of the Petition and Motion have been served on Respondent via certified mail and first-class mail. *See* Mot. to Confirm Arbitration Award, (ECF No. 2-1). Because the address to which these materials were sent is the same as that contained in the Agreement, the Court concludes that service was properly effectuated under the FAA. *See* Petition to Confirm Arbitration Award, (ECF No. 1) at 28; *see also* 9 U.S.C. § 9 ("If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court."); *see also* Fed. R. Civ. P. 5(b)(2)(C) (permitting service by mailing to party's "last known address—in which event service is complete upon mailing"). A Respondent need not appear in the matter for the Arbitration Award to be confirmed, provided sufficient service has been made. *See* 9 U.S.C. §9, ("Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.").

4

District courts have little authority to disturb arbitration awards. *See United Tramp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995). Where parties have agreed to be bound by an arbitrator's decision, a court must enter an order to enforce the same unless:

> (1) [] the award was procured by corruption, fraud, or undue means;
> (2) [] there was evident partiality or corruption in the arbitrators, or either of them;
> (3) [] the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) [] the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. Stated simply, district courts do not vacate arbitration awards absent evidence that the arbitrator's decision was based on a "manifest disregard of the law." *See Loc, 863 Int'l Bhd. of Teamsters v. Jersey Coast Egg Producers, Inc.*, 773 F.2d 530, 533 (3d Cir. 1985). It is a "strict standard" in which "a reviewing court will decline to sustain an award only in the rarest case." *Newark Morning Ledger Co. v. Newark Typographical Union*, 797 F.2d 162, 165 (3d Cir. 1986) (internal quotations and citations omitted).

## IV.   DISCUSSION

Here, the Court finds that the Arbitration Award was duly entered. It reflects the Arbitrator's consideration of the evidence before him, reaches a logical conclusion, and does not otherwise evince any basis for rejection. *See Loc. 863 Int'l Bhd. of Teamsters*, 773 F.2d at 533-34. Moreover, Respondent has not moved to vacate, modify, or correct the Arbitration Award within the three-month window allotted. *See Laborers' Loc. Union Nos. 472 & 172 & Laborers' Loc. Union Nos. 472 & 172 Welfare & Pension Funds & Safety, Educ. & Training Funds v. Mike Fitzpatrick Contractors*, No. 24-516, 2024 WL 2974262, at *3 (D.N.J. June 13, 2024) (confirming

arbitration award where respondent failed to enter an appearance or otherwise respond to submissions). Therefore, the Court must confirm the Arbitration Award.

## V.     CONCLUSION

For the reasons set forth above, Petitioners' Motion to Confirm Arbitration Award (ECF No. 2) is **GRANTED**. An order consistent with this Opinion will be entered.

October 21, 2025

KAREN M. WILLIAMS
United States District Judge